UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GARRETT HOWARD, et al., | : | Civil Action No. 24-193 (JXN) (MAH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| EXCEL, INC., et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## I.      INTRODUCTION

This matter comes before the Court on Defendant's CBRE, Inc.'s motion to transfer venue

to the United States District Court for the Northern District of Georgia[1] pursuant to 28 U.S.C. §

1404(a).  *See generally* Mot. to Transfer, D.E. 17.  Plaintiffs Garrett Howard and Patty Howard do

not oppose the motion.[2]  Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1,

the Undersigned decided this motion without oral argument.  For the reasons set forth below,

Defendant's motion to transfer this matter to the United States District Court for the Northern

District of Georgia is **granted**.

## II.     BACKGROUND

On December 8, 2023, Plaintiffs filed their Complaint in the Superior Court of New Jersey,

Middlesex County, Law Division, alleging (1) negligence; (2) nuisance; and (3) loss of consortium

---

[1] Initially, Defendant misidentified the proper district for transfer in his motion papers.  On March 22, 2024, Defense counsel submitted a letter to the Court to clarify that the proper venue is the Northern District of Georgia.  *See generally* Ltr. to Ct., D.E. 20.

[2] Plaintiffs, as a married couple, share the same surname.  For the sake of clarity, this Opinion will refer to the Plaintiffs by their first names.

as a result from Garrett's fall that occurred at a DHL Distribution center in Palmetto, Georgia. *See* Not. of Removal, D.E. 1, at ¶ 1; Compl., Ex. A, D.E. 1-2. According to the Complaint, Garrett fell and sustained serious injuries while lawfully on the property in his capacity as an employee for Swift Transportation Company. *See* Ex. A, Compl., D.E. 1-2, at 2. Plaintiffs reside in Piscataway, New Jersey. *Id.* at 3. Defendant is a Delaware Corporation, with its corporate headquarters in Dallas, Texas, but conducts some business in New Jersey. Not. of Removal, D.E. 1, at ¶ 5. On January 11, 2024, Defendant removed this action to federal court. *See generally* Not. of Removal, D.E. 1. On February 8, 2024, Defendant filed a letter addressed to District Court Judge Julian X. Neals, requesting a pre-motion conference to address transferring this action to Georgia. *See generally* Ltr. to Ct., Feb. 8, 2024, D.E. 12. Having received no response from Plaintiffs, Judge Neals waived the necessity of a pre-motion conference, and permitted Defendant to proceed with its motion. Ct. Order, Feb. 29, 2024, D.E. 16. On February 29, 2024, Defendant filed the instant motion to transfer venue. *See generally* Mot. to Transfer, D.E. 17. Plaintiffs do not oppose the motion. Additionally, on March 22, 2024, Defense counsel informed the Court that he was aware that Plaintiffs had retained counsel in Georgia. Ltr. to Ct., D.E. 20, at 2.

## III.   DISCUSSION

### A.  28 U.S.C. § 1404(a)

Defendant argues that Plaintiffs incorrectly assert that Defendant CBRE, Inc., is the owner of the premises. Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 1. According to Defendant, the property is owned by non-party USLP Palmetto LP, a Delaware Corporation, which leases a portion of the property to co-Defendant Excel, Inc. *Id.* Defendant argues that this Court lacks jurisdiction over USLP. *Id.* Defendant also argues that the balance of the requisite private and public factors favor transfer to the District of Northern Georgia.

2

Before the Court can consider Defendant's motion to transfer under § 1404(a), it must first satisfy itself that the Northern District of Georgia is a proper venue. In all civil cases, 28 U.S.C. § 1391 determines proper venue. Under § 1391(b), a civil action may be brought in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section 1391(c)(2) defines residency for venue purposes. *See Water Res. Grp., LLC. v. Powers*, No. 12-3779, 2013 WL 5202679, at *7 (D.N.J. Sept. 13, 2013) (stating that "[t]he statute further defines 'residency' for venue purposes, in relevant part as being satisfied where the defendant entity 'is subject to the court's personal jurisdiction with respect to the civil action in question . . .'") (citing 28 U.S.C. § 1391(c)(2)).  It provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains." 28 U.S.C. § 1391(c)(2).

### i.        Venue is Proper in the Transferee District

Plaintiffs' Complaint alleges that Garrett fell and sustained injuries at DHL distribution center in Palmetto, Georgia.  Compl., Ex. A, D.E. 1-2, at 3.  Palmetto, Georgia is located within Fulton County, which is a part of the Atlanta Division in the Northern District of Georgia. *See Court Info,* United States District Court Northern District of Georgia,

https://www.gand.uscourts.gov/court-info (last visited Mar. 27, 2024). Therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of Georgia as "a substantial part of the events or omissions giving rise to the claim occurred" in that District.

### ii.       Section 1404(a) Factors

Having determined that venue is proper in the Northern District of Georgia, the Court may proceed to analyze whether the private interest factors and public interest factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), support transfer of venue. The private interest factors include: (i) plaintiff's choice of forum; (ii) defendant's preference; (iii) where the claim arose; (iv) the parties' convenience as indicated by their relative physical and financial condition; (v) witness convenience; and (vi) the location of books and records. *Id.* As the party seeking transfer, it is Defendant's burden to demonstrate that those factors weigh in favor of transfer. *Id.*

First, Plaintiffs' choice of forum is not entitled to significant deference in this case. A plaintiff's choice of forum is given little weight if "the choice of forum has little connection with the operative facts." *Culp v. NFL Prods. LLC*, No. 13-7815, 2014 WL 4828189, at *4 (D.N.J. Sept. 29, 2014); *Garlick v. Quest Diagnostics Inc.*, No. 06-6244, 2010 WL 1490923, at *2 (D.N.J. Apr. 13, 2010) ("A plaintiff's choice of forum, while ordinarily entitled to some deference, is entitled to less deference, perhaps to the vanishing point, when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit."). This District has no ostensible connection with the operative facts. The accident did not occur in New Jersey. And the Complaint does not clearly allege that any medical care soon following the accident occurred in New Jersey. As Plaintiffs have not demonstrated any operative facts giving rise to their claims

that might have occurred in New Jersey, this factor does not favor maintaining this action in the District of New Jersey.

The second and third factors—the preference of Defendant and the location of where the claims arose—both weigh in favor of transferring the matter.  Defendant has moved to transfer the case to the Northern District of Georgia, and the Northern District of Georgia has a far more substantial connection to the pending claims than New Jersey.  Although Defendant is a national company that conducts some business in New Jersey, the accident occurred in Fulton County, Georgia.

The fourth factor—the parties' convenience as indicated by their relative physical and financial condition—is neutral.  Plaintiffs reside in New Jersey.  *See* Compl., Ex. A, D.E. 1-2, at 3.  However, Plaintiffs have not provided any reason to believe any of the relevant facts, including Garrett's post-accident medical care, occurred in New Jersey.  Although it is more expensive for Plaintiffs to travel from New Jersey to Georgia, Plaintiffs do not represent that they are financially incapable of incurring any potential costs associated with litigating the matter in that district, or that they are physically incapable of traveling to Georgia.

The fifth factor—the witnesses' convenience—weighs heavily in favor of transfer.  Discovery has not yet occurred, and the parties have not identified witnesses who would testify at trial.  However, Defendant represents that it will seek testimony of CBRE employees with knowledge of management of the premises, and that those individuals are Georgia residents.  Br. in Supp. of Mot. to Transfer, D.E. 17-1, at 4.  Defendant may further seek the testimony of other parties related to the maintenance of the premises, or paramedics and doctors who assisted in response to the incident.  These potential witnesses presumably reside in Georgia and, therefore,

are outside the subpoena power of this Court.[3]  *See Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.*, No. 10-6457, 2011 WL 3329087, at *5 (D.N.J. Aug. 2, 2011) (noting that "[a] forum's inability to compel the attendance of witnesses at trial is an important factor weighing in favor of transfer.") (citations omitted).  Further, although some witnesses might have to travel to Georgia for trial, this is not necessarily the case for discovery.  For example, the parties could agree to alternate deposition arrangements under Federal Rule of Civil Procedure 30.  Moreover, it remains that this Court would have no jurisdiction to enforce a subpoena issued to a Georgia witness under Federal Rule of Civil Procedure 45(c)(1).

The sixth factor—the location of the books and records—also weighs in favor of transfer. The physical evidence in this matter relates to an alleged defective sidewalk.  Compl., Ex. A, D.E. 1-1, at 3.  Therefore, any inspection of the sidewalk or the surrounding area by experts would have to be conducted in Georgia.  *See Fin. Res. Fed. Credit Union v. Alloya Corp. Fed. Cred. Union*, No. 20-6180, 2021 WL 268176, at *6 (D.N.J. Jan. 27, 2021) (finding location of ATMs in New Jersey weighed against transfer because the Defendants would likely want to inspect them, and they were not easily transportable).  At bottom, the private interest factors collectively weigh in favor of transferring this matter to Georgia.

Having determined that the private factors weigh in favor of transfer, the Court next analyzes the public interest factors, which are:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

---

[3]  To the extent any treating physicians are located in New Jersey, Plaintiffs have failed to offer them in their Complaint or in any opposition.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted).  When evaluating the public interest factors "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (internal quotation and citations omitted).

Aside from the fact that Defendant conducts some business in this state, New Jersey lacks any other connection, let alone a strong one, to the claims asserted in this case.  Given the lack of connection, New Jersey maintains scant interest, public or otherwise, in adjudicating the matter.  Indeed, Georgia law would likely apply in this case.  *See P.V. ex rel. T.V. v. Camp Jaycee*, 393 N.J. Super. 19, 25 (App. Div. 2007) (noting that "[i]n personal injury cases, . . . [w]hen both conduct and injury occur in a single jurisdiction, with only 'rare exceptions, the local law of the state where conduct and injury occurred will be applied' to determine an actor's liability.") (citations omitted).  As such, a trial judge in the Northern District of Georgia would be more familiar applying Georgia state law through diversity than would a trial judge in New Jersey.  Lastly, as Georgia was the locus of the majority of the events underlying Plaintiffs' claims, it maintains a strong interest in this litigation.

There is no connection between Defendant's alleged culpable conduct and New Jersey, other than the fact that Plaintiffs reside in New Jersey.  Accordingly, "New Jersey jurors should not be burdened with adjudicating a matter concerning alleged conduct which has virtually no connection with New Jersey." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 501 (D.N.J. 1998).  The public interest factors also collectively weigh in favor of transferring this matter to the Northern District of Georgia.

**IV.      Conclusion**

For the foregoing reasons, the Court will grant Defendant's unopposed motion to change venue and transfer this matter to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).  An appropriate Order accompanies this Opinion.


*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**


Dated: March 28, 2024